In the Matter of EDWIN S. NEWMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, November 4, 1976

192

*Ronald Eisenman* for petitioner.

No one appearing for respondent.

*Per Curiam.* Respondent was admitted to practice in the First Judicial Department on June 7, 1943. On December 17, 1973, in the United States District Court for the District of Arizona, he entered a plea of guilty to two counts of an information charging knowing and willful failure to file a tax information statement for a company of which he was an officer. He was fined $2,000 and placed on probation for two years. Respondent had previously been indicted with certain other individuals on charges of mail fraud, but after he agreed to co-operate with the Government in the ultimately successful prosecution of his codefendants, those charges against him were dismissed.

Respondent does not deny the conviction or any of the underlying facts, but he contends that he is not guilty of professional misconduct warranting discipline. In support of his position, he alleges the following: (1) he derived no personal gain from the mail fraud in question; (2) the Government dismissed his indictment but did not dismiss the indictment of any of his codefendants; (3) the request to take a plea to the two misdemeanors was at the instance of the Government and was in no way a plea bargain decision on his behalf; (4) neither failure to pay taxes nor tax delinquency was involved.

The Referee sustained the charges based on respondent's conviction, but deemed them to be of a technical nature, not involving moral turpitude, and therefore recommended that the charges be dismissed or, at the very worst, that respondent be censured.

The petitioner Bar Association moves to confirm the Referee's report and urges that respondent be censured. Respondent has not appeared in opposition to the motion.

In the circumstances of this case, we confirm the Referee's report sustaining the charges of professional misconduct and find that a censure would be appropriate.

Respondent should be censured.

STEVENS, P. J., MURPHY, LUPIANO, SILVERMAN and LANE, JJ., concur.

Respondent censured.